COHEN, LEDER MONTALBANO
& CONNAUGHTON, L.L.C.
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Plaintiff*
*Board of Trustees of the Teamsters Industrial*
*Employees Pension Fund*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE TEAMSTERS INDUSTRIAL EMPLOYEES PENSION FUND, | **Civil Action** |
| Plaintiff, | **Docket No.** |
| vs. | **COMPLAINT** |
| FRUTAROM U.S.A., INC.; JOHN DOE, in his personal capacity as Principal of FRUTAROM U.S.A., INC., | |
| Defendants. | |

Plaintiff, the Board of Trustees of the Teamsters Industrial Employees Pension Fund (hereinafter the "TIE PENSION FUND") by way of Complaint against the Defendants, FRUTAROM U.S.A., INC. ("Frutarom") and JOHN DOE in his personal capacity as Principal of FRUTAROM U.S.A., INC., together hereinafter referred to as Defendants, hereby states:

1

## STATEMENT OF THE CASE

1. This action is commenced to recover the withdrawal liability calculated in accordance with 29 U.S.C. §1381 incurred by FRUTAROM when on or about October 2, 2015, it ceased having an obligation to contribute to the TIE PENSION FUND and permanently ceased all covered operations under the Plan, resulting in FRUTAROM no longer being a contributing employer to the TIE PENSION FUND.

2. Defendant FRUTAROM is liable for the withdrawal liability owed to the TIE PENSION FUND pursuant to the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA") 29 U.S.C. §1001 et seq., specifically 29 U.S.C. §§ 1381(a), 1451(a) and1451(c). Defendant JOHN DOE is personally liable for payment for the payment of the amount of withdrawal liability, as company monies to meet such obligation are an asset of the Fund, and Defendant JOHN DOE, having discretionary control over the disposition of company money, exercised his discretion to refuse, and fail, to turn over such fund asset to the TIE PENSION FUND, has breached his fiduciary duty.

## JURISDICTION

3. This Court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331, as Plaintiff's claims arise under ERISA, [29 U.S.C. §1132(a)(1), 29 U.S.C. § 1332(a)(3), 29 U.S.C. §1132(e)(1) and 29 U.S.C. § 1451(c). This Court has subject matter jurisdiction over all ERISA claims, in accordance with 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendant pursuant to ERISA, 29 U.S.C. § 1132(e)(2), as the Defendant has established the minimum contacts with the State of New Jersey, and does business in the State of New Jersey.

## VENUE

5.     Venue is properly laid pursuant to 28 U.S.C. §§ 1391(a)(2) and (b)(2), and pursuant to 29 U.S.C. §§1132(e)(2) and 1451(d) since Defendant conducted business in this judicial district and a substantial portion of the conduct and events underlying Plaintiff's claims occurred within the territorial jurisdiction of this Court. Venue is also properly laid as this is the district where the TIE PENSION FUND is administered.

6.     In accordance with 29 U.S.C. §1451(g), Plaintiff will serve the Pension Benefits Guarantee Corporation (hereinafter "PBGC") with a copy of this complaint.

### The Plaintiff

7.     Plaintiff, the Board of Trustees of the TEAMSTERS INDUSTRIAL EMPLOYEES PENSION FUND (hereinafter the "TIE PENSION FUND") is comprised of Trustees who are fiduciaries as defined by ERISA, 29 U.S.C. §§1002(14)(A) and 1102.

8.     The TIE PENSION FUND is a multi-employer employee benefit plan as defined in ERISA and administered pursuant to ERISA, 29 U.S.C. Section 1001, *et. seq*. The principal place of business of the TIE PENSION FUND is 707 Summit Avenue, Union City, Hudson County, New Jersey. The TIE PENSION FUND is maintained pursuant to a Third Restated Agreement and Declaration of Trust.

9.     Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(b), the Board of Trustees of the TIE PENSION FUND is authorized to bring an action on behalf of the Plan, its participants and beneficiaries to recover unpaid and delinquent contributions and assets of the TIE PENSION FUND. In accordance with 29 U.S.C. §1401(d), the failure of FRUTAROM to make timely payments to the TIE PENSION FUND constitutes a failure to make a contribution required under

the Pension Plan within the meaning of 29 U.S.C. §1145.

10. Non-party to this action, Local 560, International Brotherhood of Teamsters was the sole and exclusive bargaining representative for a group of employees formerly employed by FRUTAROM. Local 560 and FRUTAROM were signatories to a Collective Bargaining Agreement ("CBA") which obligated FRUTAROM to participate in, and contribute to, the TIE PENSION FUND.

### The Defendants

11. FRUTAROM is organized and registered as a business corporation incorporated in the State of New Jersey. FRUTAROM has several places of business in New Jersey, 9500 Railroad Avenue, North Bergen, New Jersey 07047 and 50 County Line Drive, Branchburg, New Jersey 08853 and is headquartered at 9950 Commerce Park Drive, Cincinnati, OH 45246.

13. Upon information and belief, the Defendant has not filed for protection under the U.S. Bankruptcy Code.

14. FRUTAROM is New Jersey corporation which at all times relevant to this proceeding was licensed to do business within the State of New Jersey, employed Local 560 bargaining unit employees, and thus made and/or was obligated to make contributions to the TIE PENSION FUND on behalf of its employees.

15. Defendant JOHN DOE is a principal of FRUTAROM and has control and discretion over the disposition of the money in the Corporation's accounts, which monies once obligated and owed to the TIE PENSION FUND, are assets of the TIE PENSION FUND.

### FACTUAL BACKGROUND

15. At all times relevant to this action, FRUTAROM, has been an "Employer" within the meaning of ERISA, 29 U.S.C. 1002(5). Non-party to this action, Local Union No. 560,

International Brotherhood of Teamsters was signatory to a CBA with FRUTAROM

16. On or about October 2, 2015, FRUTAROM withdrew from the TIE PENSION FUND and subsequently, the TIE PENSION FUND issued a Notice of Withdrawal on March 7, 2016, which required FRUTAROM to make monthly installment payments to the TIE PENSION FUND commencing April 1, 2016.

17. FRUTAROM failed to make any of the monthly installments.

18. On September 13, 2016, the TIE PENSION FUND issued a Notice of Default to FRUTAROM advising that unless all delinquent payments were made within sixty (60) days of receipt of the letter, the entire amount of withdrawal liability shall be accelerated and be made immediately due and payable. To date, FRUTAROM has not made any payments on the withdrawal liability amounts and default has occurred.

## FIRST COUNT-WITHDRAWAL LIABILITY

19. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 18 as if set forth in full herein.

20. By virtue of the CBA described above, FRUTAROM was obligated to participate in and contribute, and did participate and make contributions, to the TIE PENSION FUND for all hours bargaining unit employees performed bargaining unit work.

21. On or about October 2, 2015, FRUTAROM ceased having an obligation to remit pension benefit contributions to the TIE PENSION FUND.

22. The permanent cessation of its obligation to contribute to the TIE PENSION FUND constituted a "complete withdrawal" as a contributing employer from the Fund, within the meaning of ERISA, 29 U.S.C. § 1383(a)(1).

23. By completely withdrawing from the TIE PENSION FUND, FRUTAROM incurred

withdrawal liability to the Fund pursuant to ERISA, 29 U.S.C. § 1381.

24. By letter dated March 7, 2016, the TIE PENSION FUND notified FRUTAROM that due to its complete withdrawal from the Fund, it owed the TIE PENSION FUND a preliminary withdrawal liability assessment in the amount of $3,223,866, to be paid in 240 monthly installments of $16,883, with the first installment due April 1, 2016.

25. FRUTAROM failed to remit its April 1, 2016 withdrawal liability installment payment to the TIE PENSION FUND.

26. By letter dated, September 13, 2016, the Fund notified FRUTAROM of its failure to remit the April 1, 2016 payment and payments due thereafter. This letter also notified FRUTAROM that if it failed to remit the delinquent payments totaling $101,298.00 within sixty (60) days, this failure would constitute a default at which time the entire amount of the withdrawal liability would become due, along with accrued interest, liquidated damages, attorneys' fees and court costs.

27. FRUTAROM failed to remit the monthly withdrawal liability payments that were owed and default has occurred.

28. Pursuant to ERISA, 29 U.S.C. § 1399(c)(5), FRUTAROM being in default, the Fund accelerated FRUTAROM withdrawal liability payment.

29. FRUTAROM did not request that the TIE PENSION FUND conduct a review the withdrawal liability assessment.

30. FRUTAROM did not request, within the statutory period provided, arbitration to challenge the TIE PENSION FUND's assessment of withdrawal liability or to challenge the amount of withdrawal liability assessed.

31. To date, the TIE PENSION FUND has not received any payment of the withdrawal

liability from FRUTAROM.

**WHEREFORE**, Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendant FRUTAROM as follows:

A.   Enter a Judgment against Defendant FRUTAROM in favor of Plaintiff, TIE PENSION FUND, in the amount of $3,223,866 for withdrawal liability;

B.   Enter a Judgment against Defendant FRUTAROM in favor of Plaintiff, TIE PENSION FUND, interest on the withdrawal liability in the Fund's adopted rate of 10% per year, simple interest from the date of default until payment is received, liquidated damages calculated at the rate of 20% of the principal sum which calculates to the amount of $644,773.20;

C.   Ordering the Defendant FRUTAROM to pay post-judgment interest;

D.   Ordering the Defendant FRUTAROM to pay court costs and attorney's fees incurred in connection with this action; and

E.   Granting to Plaintiffs such further relief as the Court deems just and proper.

### SECOND COUNT- BREACH OF FIDUCIARY DUTY

32.   Plaintiffs repeat each and every allegation contained in paragraphs 1 through 31 as if set forth in full herein.

33.   By virtue of the CBA described above, FRUTAROM was a contributing employer obligated to make payment of monies/contributions on behalf of its employees to the TIE PENSION FUND.

34.   Contributions, once earned by an employee, are due to the TIE PENSION FUND, and are recognized as a Fund asset of the TIE PENSION FUND.

35.   Withdrawal liability obligations of an employer, similar to contribution obligations, are a fund asset of the TIE PENSION FUND.

36. Since the monies due by FRUTAROM to the TIE PENSION FUND are a Fund asset, the Company Representative has a fiduciary duty to the Fund and the plan participants to timely remit and turnover such Fund assets to the Fund.

37. At all times relevant hereto, Individual Defendant JOHN DOE was a Company representative or agent.

38. At all times relevant hereto, Individual Defendant JOHN DOE was in possession or constructive possession, and with discretionary control of disposition of the corporate monies.

39. At all times relevant hereto, Individual Defendant JOHN DOE failed to timely remit monies under his custody and control which were TIE PENSION FUND assets to the TIE PENSION FUND, and utilized such monies for other purposes.

40. As a result of this wrongful action, Individual Defendant JOHN DOE breached his fiduciary duty owed to the TIE PENSION FUND.

**WHEREFORE**, Plaintiff, Board of Trustees of the Teamsters Industrial Employees Pension Fund demands judgment against Defendant FRUTAROM as follows:

A. Enter a Judgment against Defendant FRUTAROM in favor of Plaintiff, TIE PENSION FUND, in the amount of $3,223,866 for withdrawal liability;

B. Enter a Judgment against Defendant FRUTAROM in favor of Plaintiff, TIE PENSION FUND, interest on the withdrawal liability in the Fund's adopted rate of 10% per year, simple interest from the date of default until payment is received, liquidated damages calculated at the rate of 20% of the principal sum which calculates to the amount of $644,773.20;

C. Ordering the Defendant FRUTAROM to pay post-judgment interest;

D. Ordering the Defendant FRUTAROM to pay court costs and attorney's fees incurred in connection with this action; and

E. Granting to Plaintiffs such further relief as the Court deems just and proper.

Date: 8/3/2017

*[signature]*

PAUL A. MONTALBANO, ESQ.

COHEN, LEDER, MONTALBANO
& CONNAUGHTON, L.L.C.
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407

908-298-8800
*Attorneys for Plaintiffs*

*[signature]*

BRADY M. CONNAUGHTON

COHEN, LEDER, MONTALBANO
& CONNAUGHTON, L.L.C.
River Drive Center II
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
908-298-8800
*Attorneys for Plaintiffs*